HON. DAVID M. GARBER Corporation Counsel, Syracuse
This is in response to the letter of David Marx, Jr., Assistant Corporation Counsel, requesting an opinion of the Attorney General as to whether the City of Syracuse has the right to require a bus line operating within its jurisdiction under a temporary certificate of public convenience and necessity issued by the Commissioner of Transportation to obtain approval of an appropriate city official prior to the implementing of a new timetable or modifying an existing one.
Section 149 of the Transportation Law authorizes the Commissioner to issue a temporary certificate of public convenience and necessity and to amend temporarily an outstanding certificate by extending a route authorized therein or by eliminating conditions restricting transportation on a part of an authorized route without other proceedings and without the securing of municipal consents when he shall be of the opinion that such action is required in the public interest.
Consent to the operation of buses over the streets of Syracuse was granted by the City Council under Transportation Corporation Law, § 66, which provides that the consent to such bus operation may be granted subject to such terms and conditions which may include matters relating to description of route, rate of speed, compensation for wear and tear of pavement, improvements and bridges and persons using the streets.
Transportation Law, § 142(11), provides, in part, as follows:
 "* * * Unless the commissioner otherwise orders, no change shall be made in any rate, fare or charge, or in any rule or regulation relating to any rate, fare, charge or service, or in any general privilege or facility, which shall have been filed by such a corporation, in compliance with an order of the commissioner, except after thirty days' notice to the commissioner and publication of a notice to the public of such proposed change once in each week for four successive weeks in a newspaper having general circulation in the county or counties containing territory affected by the proposed change, which notice shall plainly state the changes proposed to be made in the schedule then in force and the time when the change will go into effect. The commissioner for good cause shown may allow changes without requiring the thirty days' notice under such conditions as he may prescribe. * * *" (Emphasis supplied.)
Transportation Law, § 142(19), provides, as follows:
 "The jurisdiction of the commissioner over the matters herein conferred on the commissioner shall be exclusive." (Emphasis supplied.)
Thus, Transportation Law, § 142(11), grants the Commissioner of Transportation authority over any proposed changes in schedule in the operation of buses within the local jurisdiction and section 142(19) grants the Commissioner exclusive jurisdiction in these matters.
From all of the foregoing, we conclude that the Commissioner of Transportation under Article 6 of the Transportation Law has exclusive jurisdiction over matters concerning the proposed changes in bus schedules under the temporary certificate granted by the Department of Transportation and the City of Syracuse is not authorized to require the operator of the bus line to obtain approval of an appropriate city official prior to implementing a new timetable or modifying an existing one.